# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
SHAKIRA ROSS
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 07-20246-12

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a [ ] federal offense [ ] state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the [ ] date of conviction [ ] release of the defendant from imprisonment for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - [ ] under 18 U.S.C. § 924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by [x] clear and convincing evidence [ ] a preponderance of the evidence that

This is a presumption case, as Defendant is facing 10 years to life on the instant charges. Shakira Ross is 20 years old. She lives with her mother and five siblings (the youngest are a two year old sister and a three year old brother) and has been a life long resident of Detroit. The defendant's father is currently in a halfway house being supervised by MDOC. Defendant is single and has no children. She is self-employed as a hairdresser earning $300 a week and claims to attend Adult Educations classes, but this was not verified.

(CONTINUED ON PAGE TWO)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 14, 2007 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant is charged with being a member of the Joy Road Gang, and selling illegal drugs (cocaine) in a Dial for Dope scheme, selling hand-to-hand. Defendant gave an extensive confession admitting to selling multiple ounces of cocaine/crack cocaine daily. Defendant admits to regular use of marijuana. She tested positive for marijuana and cocaine. She began using marijuana on a regular basis at age 13, and began using Ectasy, Ketamine, and GHB at age 16. Defendant told Pretrial Services that she has never had any mental health issues. Defendant's mother, however, told Pretrial Services that Defendant in fact was hospitalized for a few days this year after threatening to take her own life.

Defendant admits to using aliases and these alias names come up on her criminal record.

Defendant's criminal record is extensive given her young age. It includes a prior drug conviction. The allegations of the instant offense occurred while the defendant was on state probation. From 2006 to 2007 she was cited for six traffic violations, which include three failures to comply with traffic court judgements and three failures to appear for traffic court hearings for which three separate warrants were issued. On June 1, 2007 a fourth warrant for failure to appear in 36th District Court was issued. She failed to appear for a trial on 1/25/07 for an assault and battery charge and the warrant for that non-appearance is currently active. Defendant's probation officer is currently filing a violation warrant with regard to the instant offense.

Defendant has four juvenile cases for Domestic Violence and Incorrigibility (2002), Curfew under 16 (2003), Retail Fraud and Larceny (2004), and Stolen Property (2004). All four cases were either "warned and dismissed" or "dismissed without prejudice".

Defense counsel argues to the court that his client is not a danger to the community. This court respectfully disagrees. Defendant has a proven history of violence, multiple failures to appear, and engaging in dangerous activities. Defendant has used two aliases. She currently uses drugs on a regular basis. And the nature of the instant charges suggests her ongoing membership in a street gang that promotes criminal activity and the sale of illegal drugs.

With regard to the issue of risk of flight, Defendant has an active warrant for a failure to appear, and has had three additional warrants issued for previous failures to appear in court. The instant charges were brought while Defendant was on probation in state court.

Based on the foregoing, Defendant is both a danger to the community and a risk of flight. There is no condition or combination of conditions that would assure the safety of the community or defendant's appearance in court.

**Therefore Detention is ORDERED.**